IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ISMAEL QUINTERO, JR.,

                    Plaintiff,                          6:13-cv-01739-PK

v.                                                      FINDINGS AND
                                                        RECOMMENDATION

KATIE A. SUVER,

                    Defendant.
_____

PAPAK, Magistrate Judge:

        Plaintiff Ismael Quintero, Jr. brings this *pro se* action against defendant Katie A. Suver,

alleging that Suver, as Deputy District Attorney for the Marion County District Attorney's Office,

violated his civil rights, resulting in an illegal and invalid judgment in his state-court criminal

case. Now before the court is Suver's motion for summary judgment (#31). For the reasons set

forth below, the motion for summary judgment should be granted and this case should be

Page 1 - FINDINGS AND RECOMMENDATION

dismissed with prejudice.

## FACTUAL BACKGROUND[1]

On March 4, 2002, a grand jury returned an amended indictment against Quintero, charging him with one count of delivery of 10 grams or more of methamphetamine (Count One), one count of delivery of 10 grams or more of cocaine (Count Two), and one count of manufacturing 10 grams or more of cocaine (Count Three). *See* Ex. 1, Declaration of Michael R. Washington ("Washington Decl."), #32, at 3; Ex. 1, Complaint, #1-1, at 1. Suver began representing the State of Oregon in the case during Quintero's January 17, 2006 change-of-plea hearing, during which he pled guilty to all three counts of the amended indictment. *See* Ex. 1, Washington Decl., #32, at 7; *see also* Ex. 3, Washington Decl., #32, at 12-14 (plea agreement). That same date, the court sentenced Quintero to ninety months on Count One, forty-five months on Count Two, and forty-five months on Count Three. *See* Ex. 3, Washington Decl., #32, at 15-20. The sentences on Counts Two and Three were to run concurrently to each other but consecutively to the sentence imposed in Count One, for a total term of imprisonment of 135 months. *See id.*

Quintero thereafter filed a petition for post-conviction relief in the Circuit Court for the County of Umatilla. *See* Ex. 2, Washington Decl., #32, at 1; *see also* Ex. 3, Washington Decl., #32, at 21-22. The petition was granted in part on the basis that Quintero's counsel failed to object to a sentencing-grid error. *See* Ex. 3, Washington Decl., #32, at 21-22; *see also id.* at 7. Quintero's sentence was vacated and the matter was remanded to the Circuit Court for the County

---

[1] The following recitation constitutes my construal of the evidentiary record in light of the legal standard governing motions for summary judgment under Federal Rule of Civil Procedure 56.

Page 2 - FINDINGS AND RECOMMENDATION

of Marion for resentencing. *See id.* at 21-22; *see also id.* at 7.

After the case was remanded, Quintero moved to withdraw his guilty pleas, arguing, among other things, that his pleas were not made knowingly, voluntarily, and intelligently, as the prosecuting attorney had "intentionally withheld and misused evidence that was clearly exculpatory," including a forensics report. *See id.* at 33. The court denied Quintero's motion to withdraw his guilty pleas. *See* Ex. 1, Washington Decl., #32, at 13. On April 13, 2011, the court resentenced Quintero to ninety-months on Count One, thirty-six months on Count Two, and eighteen months on Count Three, with nine months of the sentence on Count Three to run concurrently to the sentences on Counts One and Two, for a total term of imprisonment of 135 months. *See* Ex. 3, Washington Decl., #32, at 52-57. On May 12, 2011, Quintero filed an appeal, which he voluntarily dismissed on or about May 2, 2012. *See* Ex. 1, Washington Decl., #32, at 14-15. On August 29, 2012, Quintero filed a petition for post-conviction relief in the Circuit Court for the County of Marion. *See* Ex. 6, Washington Decl., #32, at 1. That case remains pending. *See id.*

## PROCEDURAL BACKGROUND

On September 25, 2013, Quintero filed the instant action pursuant to 42 U.S.C. § 1983, alleging that Suver violated his constitutional rights when, among other things, she: (1) improperly calculated the crime seriousness levels on Counts Two and Three; (2) failed to properly determine his release date; (3) lied to the court regarding the weight of the drugs involved in Counts Two and Three and lied about the lab report; (4) misapplied the sentencing guidelines in violation of Quintero's Fifth Amendment rights; (5) improperly sentenced him twice for delivery and manufacture; (6) improperly merged powdered and rock cocaine to get a

quantity necessary to increase the crime seriousness level; (7) violated Quintero's right to be free

from double jeopardy; (8) failed to call the criminalist before the lab report was put into

evidence; and (9) violated Quintero's constitutional right to present exculpatory evidence via the

lab report. According to Quintero, due to Suver's actions, he "was wrongfully charged,

wrongfully indicted, wrongfully sentenced, wrongfully convicted, and wrongfully incarcerated,

which resulted in <u>illegal</u> and <u>false</u> imprisonment." Complaint, #1, at 10-11. Quintero seeks

damages in the amount of "$10 million per year of incarceration" and an additional

"$7,094,000.00 for punitive damages." *Id.* at 12.

On May 14, 2014, Suver filed a motion for summary judgment, arguing that she is

entitled to summary judgment in her favor because: (1) she is immune from suit under the

doctrine of prosecutorial immunity; (2) Quintero's claims are barred by the applicable statute of

limitations; (3) Quintero's claims are barred under the Eleventh Amendment; (4) pursuant to

Oregon law, a petition for post-conviction relief is the exclusive means for challenging a criminal

judgment; (5) Quintero was not subjected to double jeopardy; and (6) Suver is entitled to

qualified immunity. *See* Suver's Motion for Summary Judgment, #31. On May 28, 2014,

Quintero filed a resistance to the motion for summary judgment. *See* Quintero's Resistance, #35.

On June 4, 2014, Quintero filed a supplemental resistance to the motion for summary judgment.

*See* Quintero's Supplemental Resistance, #36. The matter is fully submitted and ready for

decision.

## ANALYSIS

As set forth below, Quintero's claims should be dismissed on the grounds that: (1) the

claims are barred, in part, by the Eleventh Amendment; (2) the claims are *Heck*-barred; and

(3) Suver is entitled to prosecutorial immunity.  Given that I find that summary judgment should be granted in favor of Suver on these grounds, I find it unnecessary to address her other arguments.

## I.    Eleventh Amendment

First, to the extent Quintero is suing Suver in her official capacity, Suver is entitled to immunity under the Eleventh Amendment.  Section 1983 applies to "[e]very person" who, under color of state law, deprives a United States citizen of his or her constitutional rights.  42 U.S.C. § 1983.  In *Will v. Michigan Department of State Police*, 491 U.S. 58 (1989), the United States Supreme Court "held that States or governmental entities that are considered arms of the State for Eleventh Amendment purposes are not 'persons' under § 1983." *Flint v. Dennison*, 488 F.3d 816, 824 (9th Cir. 2007) (quoting *Will*, 491 U.S. at 70) (internal quotation marks omitted).  A suit against a state official in her official capacity "is no different from a suit against the State itself." *Id.* at 825 (quoting *Will*, 491 U.S. at 71) (internal quotation mark omitted).  "Therefore, state officials sued in their official capacities . . . are not 'persons' within the meaning of § 1983 and are therefore generally entitled to Eleventh Amendment immunity." *Id.*

Here, Suver was acting as an arm of the State of Oregon when she prosecuted Quintero for violations of state law. *See* Or. Rev. Stat. § 8.680; *see also Ouma v. Clackamas Cnty.*, No. 3:12-cv-01465-HZ, 2014 WL 1874051, at *3 (D. Or. May 7, 2014) ("The District Attorney's Office is an arm of the State, not the county."); *Rauch v. Columbia Cnty.*, No. CV 05-914-HA, 2005 WL 2104586 (D. Or. Aug. 29, 2005) ("District attorneys are state, not local, officials, *see generally* Oregon Revised Statute Chapter 8 . . . .").  Thus, insofar as Quintero seeks to hold Suver liable in her official capacity, she is not a "person" for purposes of § 1983 and is entitled to

Page 5 - FINDINGS AND RECOMMENDATION

Eleventh Amendment immunity.

**II.    *Heck*-Barred**

      To the extent Quintero is suing Suver in her individual capacity, I find Quintero's claims

should be dismissed pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994).  In *Heck*, the United

States Supreme Court held that,

> in order to recover damages for allegedly unconstitutional
> conviction or imprisonment, or for other harm caused by actions
> whose unlawfulness would render a conviction or sentence invalid,
> a § 1983 plaintiff must prove that the conviction or sentence has
> been reversed on direct appeal, expunged by executive order,
> declared invalid by a state tribunal authorized to make such
> determination, or called into question by a federal court's issuance
> of a writ of habeas corpus, 28 U.S.C. § 2254.

*Id.* at 486-87 (footnote omitted).  Here, Quintero seeks money damages related to his allegedly

unconstitutional sentence.  Specifically, he requests damages in the amount of $10 million per

year of wrongful imprisonment, plus punitive damages.  Although his first sentence of 135

months was vacated during post-conviction proceedings, he was resentenced to 135 months on

April 13, 2011.  His petition for post-conviction relief relating to the April 13, 2011 sentence is

still pending in state court.  Because his April 13, 2011 sentence has not been "reversed on direct

appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such

determination, or called into question by a federal court's issuance of a writ of habeas corpus,"

*id.*, *Heck* mandates dismissal of this action.

**III.    Prosecutorial Immunity**

      Finally, even if Quintero's claims were not *Heck*-barred, his claims should nevertheless be

dismissed on the basis of prosecutorial immunity.  "A prosecutor is entitled to absolute immunity

from section 1983 liability for acts 'intimately associated with the judicial phase of the criminal process' or for acts performed within the scope of her authority in her role as an advocate." *Morris v. Cnty. of Tehama*, 795 F.2d 791, 793 (9th Cir. 1986) (internal citation omitted) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)). Such acts include initiating a criminal proceeding, whether by presenting a case to the grand jury or by filing an information; deciding which witnesses to call and what evidence to present; negotiating a plea agreement; and making sentencing recommendations to a judge. *See Imbler*, 424 U.S. at 431 n.33 (listing duties that fall within a prosecutor's role as an advocate); *Broam v. Bogan*, 320 F.3d 1023, 1029-30 (9th Cir. 2003) (same); *Gaines v. Cnty. of L.A.*, No. CV 14-1509-TJH (JPR), 2014 WL 2042243, at *4 (C.D. Cal. May 16, 2014) (finding that making a sentencing recommendation is "squarely protected by prosecutorial immunity"); *Gooding v. Gonzales*, No. 3:10CV33, 2011 WL 841261, at *5 (W.D. Va. Mar. 7, 2011) (finding a prosecutor's role during plea negotiations and sentencing proceedings to be part of the traditional functions of a prosecutor). Even if a prosecuting attorney violated a civil plaintiff's constitutional rights by, for example, withholding exculpatory evidence, absolute immunity applies if the prosecutor's actions were "part of the judicial process." *See Broam*, 320 F.3d at 1029-30.

Here, Quintero's claims arise out of Suver's decision to charge him with both delivery and manufacture of cocaine, her sentencing recommendation to the judge, and her decision to withhold exculpatory evidence—acts that are "intimately associated with the judicial phase of the criminal process." *Imbler*, 424 U.S. at 430. Because Suver performed the complained-of acts in her capacity as advocate, she is entitled to absolute immunity.

/ / /

Page 7 - FINDINGS AND RECOMMENDATION

## CONCLUSION

In light of the foregoing, Suver's motion for summary judgment (#31) should be granted and this case should be dismissed with prejudice. A final judgment should be prepared.

## SCHEDULING ORDER

The Findings and Recommendation will be referred to a district judge. Objections, if any, are due fourteen (14) days from service of the Findings and Recommendation. If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

If objections are filed, then a response is due fourteen (14) days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

## NOTICE

A party's failure to timely file objections to any of these findings will be considered a waiver of that party's right to *de novo* consideration of the factual issues addressed herein and will constitute a waiver of the party's right to review of the findings of fact in any order or judgment entered by a district judge. These Findings and Recommendation are not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment.

Dated this 22nd day of September, 2014.

Honorable Paul Papak
United States Magistrate Judge

Page 8 - FINDINGS AND RECOMMENDATION